The Chief Justice delivered the opinion of the court.
The question on this application is whether the Court of Common Pleas have correctly construed, and carried into ■effect their own rules of practice in matters of appeal; rules wise and salutary, and within their authority to enact and enforce.
*One of these rules requires the appellant at the [*170 term next succeeding the judgment appealed from, to apply to the court for a rule for the entry of the appeal, which rule when made is to be entered on the minutes of the court; and declares that the appeal shall not be deemed or taken to be in court, until the rule for the entry of the appeal is made; and if not applied for and made, the appeal shall be taken as not prosecuted by the appellant, without any further or other rule for that purpose.
In the present case no such rule was entered on the minutes of the court; nor does it appear from the statement of facts admitted t,o us that it was ever applied for or made. The consequence is plainly declared by the rule of practice already mentioned; and hence the court at some terms after the papers had been filed, made, at the instance of the appellee, an order that the appeal, not having been entered as by the rules it ought to have been, was deemed and taken as not prosecuted.
At the next term after the judgment of the justice a rule of the Court of Common Pleas was made on the motion of the appellant, requiring the justice to certify whether an appeal bond had not been tendered to him and an appeal *202 demanded and to send the same with the papers to the court; in which rule the parties are named appellant and appellee. And this rule is claimed to be a substantial entry of the appeal. It is, however, entirely a distinct matter, as well in its language, as by the course of practice prescribed in the rule of the court. Eor it is provided, that where the justice has omitted to send the appeal bond and transcript, the appellant may apply to the court for a rule for the entry of the appeal and also a rule for the justice to send the appeal bond, transcript and papers; of which rules, the latter alone has in this case been made.
From the state of the case it appears the justice did pursuant to this rule, send the papers, which were filed by the clerk, and the appeal was at the next term placed on the list of appeals for hearing, and at several succeeding terms. But herein was no act either of the court or of the appellee, to cure the omission made at the outset, or to waive or preclude the consequence of such omission as declared by the rule of practice.
The application for mandamus is overruled.